PER CURIAM:
Claimant, a member of the West Virginia State Police assigned to the Bureau of Criminal Investigation in Berkeley County, brought this claim for reimbursement of financial contributions which were deducted in error from his salary for deposit into the Department of Public Safety Retirement Voluntary Pledge Fund. The Department of Public Safety Retirement Voluntary Pledge Fund is not a statutory fund established by the West Virginia Legislature. The Court is of the opinion to deny this claim for the reasons more fully set forth below.
On September 12, 1994, claimant enlisted in the West Virginia State Police as a cadet. The following day, claimant was presented by respondent with a contract for the Department of Public Safety Retirement Voluntary Pledge Fund (hereinafter referred to as “the Fund”).[1] Claimant made an election in anticipation of his retirement to decline the opportunity to make contributions to the Fund. However, claimant signed the contract, naming his father as beneficiary, but he wrote the word *209 “NO” by his signature. The contract was then returned to respondent. Thereafter, claimant did not make any contributions to the Fund.[1] In 1996, while assigned to the detachment in Charles Town, claimant was presented with an itemized form of the insurance and expenditures which he elected as a cadet. Listed on the form was the Fund deduction in the amount of $10.00 per month and his father as beneficiary. Claimant signed that form without realizing the error on the form. In September 1998, respondent began making deductions from claimant’s salary of $10.00 for deposit in the Fund, which deductions were printed on his pay stub each pay period. Claimant discovered this oversight in January of 1999, filed a grievance through his department, and contacted the accounting office. In a letter dated January 3, 2000, from the Chief of Administrative Services, Lieutenant Colonel J. S. Powers, the erroneous entry was acknowledged and the fact that contributions had been deducted inadvertently from claimant’s salary, and that such deductions had ceased. Specifically, the letter stated:
[I] am familiar with the time period dining which this transpired, and have no hesitation in telling you that it originated with an employee whose performance was less than acceptable. ...
I have discussed this issue with the Department Comptroller and the Superintendent, and our first inclination was, of course, to refund these erroneous deductions to you. Unfortunately, the Pledge Fund is not a ‘State’ account. Funds flowing into the fund immediately flow right back out as they are paid to members of the fund who have retired. Since there is never any surplus of funds in this account, we have no means of making a refund, and to make a refund from any other account which the Department has access to would be illegal per se....
Respondent asserts that the Fund is not a statutorily recognized fund authorized by the Legislature; therefore it is not a “state agency” within the meaning of West Virginia Code § 14-2-3. Accordingly, this Court does not have jurisdiction *210 over this claim.[1] Respondent also asserts that when the Auditor’s office mistakenly approved the financial contribution deductions from claimant’s salary, it acted outside the scope of its authority. Moreover, the claimant may have been negligent when he affixed his signature to the document referred to as the Fund contract as well as the 1996 written itemization form and then failed to observe the deduction printed clearly on his pay stub each pay period. Respondent further takes the position that the Fund would be unjustly enriched if revenue from the State Treasury is used to reimburse claimant.
In respondent’s Motion to Substitute Respondent, filed May 26, 2000, respondent argues in the alternative that this Court may have jurisdiction over the Fund because the Fund has been given all of the indicia of being a State agency by its existence and operation, even though the Fund does not meet the definition of “State Agency” as outlined in W.Va. Code §14-2-3. Respondent urges the Court to find the Fund to be a State Agency based upon the analysis articulated by the West Virginia Supreme Court in Blower vs. W.Va. Educ. Broadcasting Auth.[4] See Id., 182 W.Va. 528; 389 S.E.2d 739 (1990). The Court does not agree with this interpretation of the West Virginia Code and case law.
In the present claim, the Court is of the opinion that the Fund is not a “State Agency” as defined by the West Virginia Code. The Fund, which was established by respondent as a separate entity, does not have a legislative framework and it does not receive State funds for any purpose. Therefore, although the financial contributions from claimant’s salary were deposited with the Fund, this Court is without jurisdiction in this matter. Further, the Court is of the opinion that it i s w ithout jurisdiction to make an award against the Fund or to issue any order requiring reimbursement from the Fund itself.
*211 In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does deny this claim.
Claim disallowed.

. The Department of Public Safety Retirement Voluntary Pledge Fund is a fund established by the West Virginia State Police in about 1963 . Members of the State Police who join the Fund voluntarily sign a contract to pay the sum of $ 10.00 to each participant of the Fund at retirement. The Fund does not have a tax identification or any other such number. According to paragraph 7 of the Fund contract, “The Accounting Office under the supervision of the Superintendent shall keep a proper and accurate account to all receipts and expenditures.” Pursuant to paragraph 4 of the contract, “[Cjommanding Officers are authorized to make collections from the contributing member or civilian employees and forward them to the Department Accounting Office. Commanding Officers will be furnished the names of all contributing members or civilian employees.” Paragraph 8 of the contract states: “Arrangements will be made with the management of the depository whereby the signature of any two (2) of Department Headquarters Senior Staff, the Superintendent, Lieutenant Colonel or Major(s) shall be honored on checks for withdrawal of said Retirement Voluntary Pledge Fund;”

2. According to paragraph 5 of the fund contract, “In the event any member fails to contribute, such member automatically eliminates himself from participating in the Retirement Voluntary Pledge Fund.”

3. In part, the West Virginia Court of Claims has jurisdiction over claims against the State or any of its agencies, which in equity and good conscience should be paid. See W.Va. Code § 14-2-13(1). Specifically, W.Va. Code § 14-2-3 defines “State Agency” as “a state department, board, commission, institution, or other administrative agency of state government: Provided, that a ‘state agency’ shall not be considered to include county courts, county boards of education, municipalities, or any other political or local subdivision of this State regardless of any state aid that might be provided.”

 In syllabus point 1 of Blower. the West Virginia Supreme Court stated: “In determining whether a particular organization is a state agency, we will examine its legislative framework. In particular, we look to see if its powers are substantially created by the legislature and whether its governing board’s composition is prescribed by the legislature. Other significant factors are whether the organization can operate on a statewide basis, whether it is financially dependent on public funds, and whether it is required to deposit its funds in the state treasury.”